UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA -
MIAMI DIVISION

ASSOCIATED ENERGY GROUP, LLC, a Texas limited liability company,

    Plaintiff,

vs.

ARAB REPUBLIC OF EGYPT, a foreign state; EGYPTIAN AIR FORCE, an agency or instrumentality of the Arab Republic of Egypt,

    Defendants.
_____/

CASE NO.

## COMPLAINT

Plaintiff, ASSOCIATED ENERGY GROUP, LLC ("AEG"), by and through undersigned counsel, sues Defendants, the ARAB REPUBLIC OF EGYPT ("Egypt") and the EGYPTIAN AIR FORCE ("EAF") (collectively, "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.    This is a civil suit brought by AEG against (i) Egypt, a foreign state and (ii) EAF, an agency or instrumentality of Egypt, each of which are not immune from this suit under the Foreign Sovereign Immunities Act, 28 U.S.C § 1602 *et seq.* ("FSIA"). The gravamen of this action is a claim by AEG to recover damages in excess of US $2,586,330.69 due and owing to AEG by Defendants and arising from the Defendants' breach of their agreement with AEG for the sale and delivery of aviation fuel and services by AEG to EAF, an agency of Egypt (hereinafter "Agreement"). The Agreement is confirmed by the respective AEG invoices ("Invoices"), attached hereto as **Exhibit A**, which were provided to EAF for payment, and by AEG's General Terms and Conditions, attached hereto as **Exhibit B**, which are expressly incorporated to the Agreement by

the Invoices. Defendants have materially and repeatedly defaulted on their payment obligations to compensate AEG for the fuel and services provided and invoiced by AEG from October 1, 2021 and through December 24, 2021. The total amount due and owing for fuel and services sold and delivered currently exceeds US $2,586,330.69. EAF placed the orders for refueling of its aircraft with AEG at Taif, Saudi Arabia, and the fuel and service were provided as requested by AEG. In turn, EAF has failed and refused to pay for the fuel and services, in breach of the Agreement. Based on the Defendants' repeated failures to comply with their obligations, AEG seeks this Court's intervention and relief to fully compensate AEG for the losses and damages it has sustained.

## THE PARTIES

2. Plaintiff, Associated Energy Group, LLC, is a limited liability company that has been at all times pertinent hereto organized and existing under the laws of the State of Texas, and registered to do business in the State of Florida with its principal place of business in Miami-Dade County, Florida.

3. Defendant, Arab Republic of Egypt, is a "foreign state" within the meaning of 28 U.S.C. §1603(a).

4. Defendant, Egyptian Air Force, is an "agency or instrumentality" of Egypt pursuant to 28 U.S.C. § 1603(b) because it is (1) a separate legal person, (2) an organ or political subdivision of the foreign state, and (3) not a citizen of any state of the United States as set forth under 28 U.S.C. § 1332(c) and (3). Accordingly, EAF is a "foreign state" pursuant to 28 U.S.C. § 1603(a), which, by definition, includes an "agency or instrumentality of a foreign state" as defined under 28 U.S.C. § 1603(b).

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1330(a), which provides that "[t]he district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state" within the meaning of 28 U.S.C. § 1603(a).

6.      Accordingly, this Court has jurisdiction over Egypt pursuant to 28 U.S.C. §1330(a) and 28 U.S.C. § 1603(a).

7.      This Court has jurisdiction over EAF pursuant to 28 U.S.C. § 1330(a) and 28 U.S.C. § 1603(b).

8.      Defendants are not immune from the jurisdiction of this Court in this case under 28 U.S.C. § 1604 for the following reasons:

a. Pursuant to 28 U.S.C. § 1605(a)(1), Egypt and EAF have explicitly waived immunity;

b. Pursuant to 28 U.S.C. § 1605(a)(2), Egypt and EAF were obligated to perform an act in the United States in connection with a commercial activity elsewhere; and

c. Also pursuant to 28 U.S.C. § 1605(a)(2), Defendants have taken acts outside the territory of the United States in connection with a commercial activity, and said acts have caused a direct effect in the United States.

9.      Egypt and EAF have explicitly waived immunity from the jurisdiction of this Court for purposes of 28 U.S.C. § 1605(a) (1) pursuant to AEG's Terms and Conditions.

10.     Specifically, paragraph 27 of the AEG Terms and Conditions, regarding "Governing Law, Jurisdiction and Venue" provides as follows:

"By its receipt of AEG's Services or Fuel, Customer consents to resolving any dispute arising hereunder within laws of the State of Florida, or the State of Texas, USA, at AEG's sole option."

11. Egypt and EAF are likewise not immune from the jurisdiction of this Court because they were obligated to perform an act in this district (Miami, Florida) pursuant to a commercial activity between the EAF and AEG (the purchase and payment of aviation fuel and services) elsewhere, in Egypt and Taif, Saudi Arabia. Under the Agreement, AEG, headquartered in Miami, Florida, supported the EAF's flight missions by the sale of fuel and services in Egypt and Taif, Saudi Arabia, and issued, on numerous occasions, refueling Invoices for fuel uplifts that were specifically for the EAF under the parties' Agreement. Accordingly, the fuel and services at issue were provided by AEG to the EAF aircraft and were received by the respective aircraft crews abroad, who signed for and acknowledged receipt of the fuel provided by AEG to support the commercial activities of the EAF and Egypt for the air defense of Egypt.

12. Specifically, Egypt and EAF agreed and were obligated to make payments to AEG in the U.S. and expressly agreed to jurisdiction and venue in Miami-Dade County, Florida. As agreed between EAF and AEG, the AEG Terms and Conditions are biding and govern all sales and delivery of fuel by AEG. Paragraph 8 of the AEG Terms and Conditions provide that "[a]ll payments to AEG shall be made in U.S. Dollars, regardless of what denomination is set forth in any invoice, payable to the account of AEG as set forth and/or indicated on any applicable invoice."

13. Defendants are not immune from the jurisdiction of this Court because they undertook acts that caused a direct effect in the United States, specifically as follows:

a. EAF and Egypt agreed and were obligated to make payments in the U.S. to compensate AEG for its contractually provided fuel and services in Taif, Saudi Arabia, to EAF aircraft, and said payments would have a direct and material effect on AEG in the United States;

b. EAF and Egypt continuously and systematically failed to make payments and failed to compensate AEG for its contractually provided fuel and services, and said failures had a direct and material effect on AEG in the United States.

14. Supplemental jurisdiction exists over the state law causes of action pursuant to 28 U.S.C. § 1367.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b) (2) and 28 U.S.C. § 1391(f)(1), in that a substantial and material part of performance is due to AEG in the U.S. and pursuant to the venue provision in the AEG Terms and Conditions which indicated Miami-Dade, Florida as the venue.

16. Defendants are subject to service of process pursuant to 28 U.S.C. § 1608.

17. AEG has suffered damages as a direct result of the acts and omissions by Defendants asserted in this Complaint in excess of US $ 2,586,330.69.

## FACTUAL BACKGROUND

18. AEG is an aviation fuel and services provider which delivers fuel and service to a variety of corporate, commercial, Fixed Based Opeator ("FBO"), and government clients at 3000+ locations around the world.

19. AEG, headquartered in Miami, USA, supports the EAF missions outside of Egypt.

20. AEG frequently issues the refueling invoices for uplifts that are purely for the benefit of EAF and Egypt.

21. From October 1, 2021 through December 24, 2021, AEG sold and delivered fuel to several EAF aircraft, which was received and signed by the respective crews for EAF at Taif, Saudi Arabia.

22. AEG and EAF have contracted for similar sales of fuel and services in the past, for which EAF properly paid AEG.

23. After the fuel at issue here was provided to and received by the EAF, which is confirmed by the respective EAF aircraft crews' signature on the relevant receipts, AEG invoiced EAF for all sums due and owing for the furnished fuel and services, as detailed by the Invoices.

24. The Invoices evidence each of the transactions related to the EAF aircraft, from October 1, 2021 through December 24, 2021.

25. The EAF's F16 uplifts at the Taif air base in Saudi Arabia occurred from September 11, 2021 to December 7, 2021 for a total volume of 518,684 U.S. Gallon ("USG") in fuel.

26. EAF is the registered owner of the different aircraft to which the fuel was provided by AEG, as reflected on the Invoices.

27. The AEG General Terms and Conditions are binding and applicable to all purchases between AEG, including AEG'S subsidiaries, and its customers.

28. Despite repeated demands by AEG to EAF, EAF has refused to meet its payment obligations.

29. At present, the balance of $2,586,330.69 is due and owing by the EAF to AEG, plus interest, costs, late fees and attorney's fees.

30. As a result of EAF'S failure to pay AEG, AEG has suffered both general and special damages.

31. All conditions precedent to the maintenance of this civil action, if any, have occurred, been performed, or have been waived.

32. AEG has retained the undersigned attorneys to represent AEG in the prosecution of this action and is obligated to pay its attorneys their reasonable fees and expenses.

## CAUSES OF ACTION

## COUNT I – BREACH OF AGREEMENT
*Alleged Against EAF*

33. AEG incorporates and realleges paragraphs 17-32 as if fully set forth herein.

34. AEG and EAF entered into the Agreement whereby AEG agreed to sell and deliver fuel to EAF Aircraft.

35. All sales and delivery of jet fuel between AEG and EAF in this case are governed by the AEG biding General Terms and Conditions.

36. Pursuant to the Agreement governed by AEG General Terms and Conditions, invoices are payable on or before the due date specified in the invoice, and "any claims arising from any invoice must be delivered to AEG within ten (10) days of the invoice date, [and] in the event the customer fails to dispute the invoice within the ten (10) days, the invoice shall be deemed correct and payable."

37. By the delivery of fuel to EAF'S Aircraft and the payable Invoices billed to EAF, EAF is legally bound to make timely and sufficient payment pursuant to the AEG General Terms and Conditions.

38. EAF materially breached its obligations to make timely payments and has acknowledged their multiple breaches of the Agreement.

39. AEG complied with all of its obligations under the Agreement.

40. As a result of these breaches, AEG has suffered damages in the amount of US $2,586,330.69, for sums due and owing under the Agreement, additional home office overhead and demobilization expense, travel and lodging in connection with the extension and the attempts to obtain payment, extraordinary audit costs, court costs and attorney's fees.

**WHEREFORE**, Plaintiff, ASSOCIATED ENERGY GROUP, LLC, demands judgment against Defendant, EGYPTIAN AIR FORCE, for compensatory damages in the amount of $2,586,330.69, for EAF'S breach of Agreement, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

## COUNT II – Goods Sold and Delivered
*Alleged Against All Defendants*

41. AEG incorporates and realleges paragraphs 17-32 as if fully set forth herein.

42. EAF and Egypt both owe AEG amounts in excess of US $2,586,330.69, plus interest and late fees, which was due ten (10) days of the date of each Invoice, for aviation fuel and services which AEG delivered to EAF and Egypt.

43. The price for the fuel delivered by AEG to EAF and Egypt was agreed between the parties and the goods at issue were sold at a reasonable value. EAF and Egypt both benefited from the fuel sold and delivered by AEG and, accordingly, owe AEG the total amount of $2,586,330.69, as set forth in the Invoices, which is past due, plus interest.

**WHEREFORE**, Plaintiff, ASSOCIATED ENERGY GROUP, LLC, demands judgment against Defendants, EGYPTIAN AIR FORCE and ARAB REPUBLIC OF EGYPT, for damages in the amount of $2,586,330.69, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

## COUNT III – ACCOUNT STATED
*Alleged Against All Defendants*

44. AEG incorporates and realleges paragraphs 17-32 as if fully set forth herein.

45. Prior to the institution of this action, AEG and EAF entered into the Agreement governed by the AEG General Terms and Conditions, pursuant to which each party agreed on the reasonable amount to be paid for the fuel and fuel services provided.

46. AEG promptly rendered each of the Invoices as fuel was provided and EAF or Egypt has never objected to any of the Invoices or any of the amounts set forth in any Invoice. *See* **Exhibit A.**

47. EAF and Egypt both benefited from the fuel sold and delivered by AEG and, accordingly, owe AEG the total amount of $2,586,330.69, as set forth in the Invoices, which is past due, plus interest.

**WHEREFORE**, Plaintiff, ASSOCIATED ENERGY GROUP, LLC, demands judgment against Defendants, EGYPTIAN AIR FORCE and the ARAB REPUBLIC OF EGYPT, for compensatory damages in the amount of $2,586,330.69, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

## COUNT IV – UNJUST ENRICHMENT
*Alleged Against All Defendants*

48. AEG incorporates and realleges paragraphs 17-32 as if fully set forth herein.

49. AEG furnished fuel and services to various Aircraft owned by EAF and Egypt.

50. EAF and Egypt knew of, accepted and retained the benefit of the fuel and services furnished by AEG without providing compensation for the fuel and services.

51. Specifically, EAF and Egypt benefited from the Fuel provided by AEG because the Aircraft cannot operate without fuel and therefore would not be able to support all military

operations and airborne defense missions for the benefit of the Defendants without the fuel provided by AEG.

52. EAF and Egypt have failed and refused to pay AEG for the fuel provided, despite repeated demands.

53. Defendants wrongfully received over US $ 2,586,330.69 in value of fuel and services provided to the EAF and Egypt aircraft without providing compensation to AEG for said fuel and services. Defendants would be unjustly enriched should they be allowed to withhold payment to AEG.

54. It would be inequitable for Defendants to retain the benefit conferred—the fuel and fuel services provided—without paying the value thereof.

55. AEG has no adequate remedy at law.

56. As a result of the foregoing, AEG has suffered damages.

**WHEREFORE**, Plaintiff, ASSOCIATED ENERGY GROUP, LLC, demands judgment against Defendants, EGYPTIAN AIR FORCE and the ARAB REPUBLIC OF EGYPT, for compensatory damages in the amount of $2,586,330.69, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

### COUNT V – QUANTUM MERUIT
*Alleged Against All Defendants*

57. AEG incorporates and realleges paragraphs 17-32 as if fully set forth herein.

58. AEG conferred benefits upon EAF and Egypt by supplying fuel to the aircraft owned by EAF.

59. EAF and Egypt had knowledge of these benefits and accepted them.

60. EAF and Egypt have failed and refuse to pay AEG for the fuel, despite repeated demands.

61. The reasonable value of the fuel provided, for which AEG has not been paid, is $2,586,330.69.

62. As a direct and proximate result of EAF's and Egypt's failure to pay for the fuel received, AEG has suffered damages.

**WHEREFORE**, Plaintiff, ASSOCIATED ENERGY GROUP, LLC, demands judgment against Defendants, EGYPTIAN AIR FORCE and the ARAB REPUBLIC OF EGYPT, for compensatory damages in the amount of $2,586,330.69, plus prejudgment interest, attorney's fees, costs, and all such other relief this Court deems just, fair, and equitable.

Dated this 17th day of June 2022.

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ Harold E. Patricoff*
Harold E. Patricoff
Florida Bar No. 508357
Priscila Bandeira
Florida Bar No. 1015229
201 S. Biscayne Blvd., Suite 3400
Miami, Florida 33131
Tel: 305.960.2200
HEPatricoff@duanemorris.com
PBandeira@duanemorris.com
*Counsel for Plaintiff*